# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

MICHAEL CARMICHAEL,

    Plaintiff,

vs.

THE GEO GROUP, et al.,

    Defendants.

) 1:12cv01913 LJO DLB PC
)
)
) ORDER DISMISSING COMPLAINT
) WITH LEAVE TO AMEND
)
) **THIRTY-DAY DEADLINE**

    Plaintiff Michael Carmichael ("Plaintiff") is a prisoner proceeding pro se and in forma pauperis in this civil rights action. Plaintiff filed his complaint on November 26, 2012. He names the following Defendants: The GEO Group, M. Aguillar, D. Meyer, J. Marshall, E. Pressley, W. Wilson, G. C. Zoley, Brian Evens, Stephen Fuller and James Black.

**A.**    <u>**LEGAL STANDARD**</u>

    The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C.

1

§ 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  Id. (quoting Twombly, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  Id.

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law.  Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  Plaintiff's allegations must link the actions or omissions of each named defendant to a violation of his rights; there is no respondeat superior liability under section 1983.  Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934.  Plaintiff must present factual allegations sufficient to state a plausible claim for relief.  Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The mere possibility of misconduct falls short of meeting this plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

B.     **SUMMARY OF PLAINTIFF'S ALLEGATIONS**

Plaintiff alleges that he was transferred to McFarland Community Correctional Facility ("MCCF") on September 16, 2011. Soon after, he told staff that he was a participant in the Religious Diet Program and needed a transfer to an institution that could accommodate him. Plaintiff was told that he was already being accommodated at MCCF.

Plaintiff states that he put in a request on September 27, 2011. He had verbal communications with Defendant D. Meyer, Assistant Warden. Defendant Meyer said he would research it, but instead stalled for months.

Plaintiff filed a 602 on April 9, 2012. He did not receive a response and filed at the second level on June 7, 2012. Plaintiff did not receive a response and filed at the third level on July 26, 2012. He also sent his request to Defendant Wilson, Warden of MCCF, to make her aware of the situation. Plaintiff's appeal was rejected at the third level. Plaintiff handed his request directly to Defendant Wilson in August 2012.

Plaintiff alleges that Defendant Meyer denied him the opportunity to purchase Halal meat through special purchase, but allowed it for a Jewish inmate. Plaintiff contends this amounts to religious discrimination.

He contends that Defendant Aguillar, Food Service Manager, has failed to order Halal meat, stating that it wasn't in the budget. Similarly, Defendant Pressley, Assistant Warden, denied Plaintiff religious meals because it wasn't in the budget.

Defendant Marshall, Counselor, denied Plaintiff's request for transfer to accommodate his religious needs without first investigating the situation, and after Defendant Meyer made statements to Muslim inmates that if the complaints continued, they'd be transferred. Defendant Marshall also opened and read Plaintiff's mail that was marked confidential.

C.     **ANALYSIS**

1.     *Class Action Allegations*

It appears that Plaintiff intends to bring this action as a class action. He names himself, as well as six other prisoners, as Plaintiffs. However, Plaintiff is not an attorney and is proceeding without counsel. A non-attorney proceeding pro se may bring his own claims to court, but may not represent others. Fymbo v. State Farm Fire & Casualty Co., 213 F.3d 1320, 1321 (10th Cir. 2000); Johns v. County of San Diego, 114 F.3d 874, 876 (9th Cir. 1997); C. E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir. 1987). A pro se litigant simply cannot "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4); Fymbo, 213 F.3d at 1321.

Therefore, this action will be construed as an individual civil suit brought by Plaintiff rather than as a class action.

2.   *Fourteenth Amendment*

"The Equal Protection Clause . . . is essentially a direction that all persons similarly situated should be treated alike." City of Cleburne v. Cleburne Living Ctr., Inc., 473 U.S. 432, 439 (1985) (citing Plyler v. Doe, 457 U.S. 202, 216 (1982)). A prisoner is entitled "to 'a reasonable opportunity of pursuing his faith comparable to the opportunity afforded fellow prisoners who adhere to conventional religious precepts.'" Shakur v. Schriro, 514 F.3d 878, 891 (9th Cir. 2008) (quoting Cruz v. Beto, 405 U.S. 319, 321-22 (1972) (per curiam)). To state a claim, a plaintiff must allege facts sufficient to support the claim that prison officials intentionally discriminated against him on the basis of his religion by failing to provide him a reasonable opportunity to pursue his faith compared to other similarly situated religious groups. Cruz, 405 U.S. at 321-22; Shakur, 514 F.3d at 891; Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003); Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001).

Here, Plaintiff alleges that Defendant Meyer discriminated against him because he allowed a Jewish inmate to purchase Halal meat, but did not allow Plaintiff to do so. He fails to state a claim, however, because he does not allege that Defendant Meyer intentionally

4

discriminated against him based on his faith.  In fact, although Plaintiff references complaints by Muslims, he does not specifically state his religion.

Plaintiff will be permitted to amend this claim.

3.    *First Amendment*

The First Amendment guarantees the right to the free exercise of religion.  Cruz v. Beto, 405 U.S. 319, 323 (1972).  "The free exercise right, however, is necessarily limited by the fact of incarceration, and may be curtailed in order to achieve legitimate correctional goals or to maintain prison security."  O'Lone v. Shabazz, 482 U.S. 342, 348 (1987); Turner v. Safley, 482 U.S. 78 (1987).  In order to establish a free exercise violation, a prisoner must show a defendant burdened the practice of his religion without any justification reasonably related to legitimate penological interests.  See Shakur v. Schriro, 514 F.3d 878, 883–84 (9th Cir.2008).  A prisoner's right to the practice of his religion includes "the right to be provided with food sufficient to sustain them in good health that satisfies the dietary laws of their religion."  McElyea v. Babbitt, 833 F.2d 196, 198 (9th Cir.1987).

Plaintiff's vague allegations fail to state a claim.  He alleges that Defendants Aguillar and Pressley denied his request to order Halal meat for budgetary reasons.  He alleges generally that Defendant Wilson failed to act on his appeal after he handed it to her.  Plaintiff fails, however, to even state his religion.  He also fails to allege that the denial of Halal meat burdened the practice of his religion.

Plaintiff will be permitted to amend this claim.

3.    *Denial of Transfer*

Prison inmates do not have a constitutional right to be incarcerated at a particular correctional facility or to be transferred from one facility to another.  Meachum v. Fano, 427 U.S. 215, 224-25 (1976); see also Olim v. Wakinekona, 461 U.S. 238, 244-45 (1983).

Plaintiff alleges that Defendant Marshall denied a transfer to accommodate his religious needs. As indicated, however, there is no constitutional right to a transfer.

To the extent that Plaintiff alleges that the denial affected his ability to practice his religion, he claim fails for the same reasons as the claim against Defendants Aguillar, Pressley and Wilson.

Plaintiff may amend this claim to attempt to allege a First Amendment violation according to the standards in the previous sections.

4.   *Mail*

While prisoners have a First Amendment right to send and receive mail, Witherow v. Paff, 52 F.3d 264, 265 (9th Cir.1995); Jones v. Brown, 461 F.3d 353, 358 (3d Cir.2006), the right to receive mail is subject to substantial limitation and a regulation or policy infringing on the right will be upheld if it is reasonably related to legitimate penological interests. Prison Legal News v. Lehman, 397 F.3d 692, 699 (9th Cir.2005), citing Turner v. Safley, 482 U.S. 78, 89 (1987).

The mere fact that prison officials open and conduct a visual inspection of a prisoner's legal and non-legal correspondence does not alone state a claim for violation of a prisoner's constitutional rights. Wolff v. McDonnell, 418 U.S. 539, 576–77 (1974); Mitchell v. Dupnick, 75 F.3d 517, 523 (9th Cir.1996); see also Keenan v. Hall, 83 F.3d 1083, 1094 (9th Cir.1996) (legal mail may be inspected per established institution procedures); Royse v. Superior Court, 779 F.2d 573 (9th Cir.1986) (legal mail may be inspected for contraband); Samonte v. Maglinti, 2007 WL 1963697, at *5 (D.Hawaii July 3, 2007) (whether legal mail may be opened outside the inmate's presence is an open question in the Ninth Circuit).

Here, Plaintiff simply alleges that Defendant Marshall opened and read mail marked as confidential outside of his presence. These facts alone fail to state a claim. Plaintiff does not

allege that the policy is not reasonably related to a legitimate penological interest, nor does he provide specific facts relating to the alleged violation(s).

Plaintiff will be permitted to amend this claim.

### 5. *Defendants Geo Group, Zoley, Evens, Fuller and Black*

Under section 1983, Plaintiff must link the named defendants to the participation in the violation at issue. Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Liability may not be imposed on supervisory personnel under the theory of respondeat superior, Iqbal, 556 U.S. at 676-77; Simmons, 609 F.3d at 1020-21; Ewing, 588 F.3d at 1235; Jones, 297 F.3d at 934, and they may only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them," Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011), cert. denied, 132 S.Ct. 2101 (2012). Some culpable action or inaction must be attributable to Defendants and while the creation or enforcement of, or acquiescence in, an unconstitutional policy, as alleged here, may support a claim, the policy must have been the moving force behind the violation. Starr, 652 F.3d at 1205; Jeffers v. Gomez, 267 F.3d 895, 914-15 (9th Cir. 2001).

Plaintiff fails to allege any facts against these Defendants and simply states that they are being sued in a supervisory capacity and were "in some way" responsible. Compl. 6.

He will be permitted to amend his claims against these individuals.

## D. CONCLUSION AND ORDER

Plaintiff's complaint fails to state a claim upon which relief may be granted under section 1983. The Court will provide Plaintiff with the opportunity to file an amended complaint, as Plaintiff may be able to cure some of the deficiencies. Akhtar v. Mesa, 698 F.3d 1202, 1212-13

(9th Cir. 2012); Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  George, 507 F.3d at 607.

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 676-77.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ."  Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, Lacey v. Maricopa County, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim under section 1983;

2. The Clerk's Office shall send Plaintiff a civil rights complaint form;

3. Within thirty (30) days from the date of service of this order, Plaintiff shall file an amended complaint; and

4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim under section 1983.


IT IS SO ORDERED.

   Dated:   **May 29, 2013**                    /s/ *Dennis L. Beck*
                                                UNITED STATES MAGISTRATE JUDGE

8