# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| MICHAEL CARMICHAEL, | ) 1:12cv01913 LJO DLB PC |
| Plaintiff, | ) |
| | ) FINDINGS AND RECOMMENDATIONS |
| vs. | ) REGARDING COGNIZABLE CLAIMS |
| | ) AND DISMISSAL OF CERTAIN CLAIMS |
| THE GEO GROUP, et al., | ) |
| | ) **THIRTY-DAY DEADLINE** |
| Defendants. | ) |
| | ) |

Plaintiff Michael Carmichael ("Plaintiff") is a prisoner proceeding pro se and in forma pauperis in this civil rights action.  Plaintiff filed his complaint on November 26, 2012.  Pursuant to Court order, he filed a First Amended Complaint on June 10, 2013.  He names Food Services Manager M. Aguilar, Assistant Warden D. Meyer, Counselor J. Marshall, Assistant Warden E. Pressley and Warden W. Wilson as Defendants.

## A.   LEGAL STANDARD

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C.

1

§ 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  Id. (quoting Twombly, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  Id.

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law.  Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  Plaintiff's allegations must link the actions or omissions of each named defendant to a violation of his rights; there is no respondeat superior liability under section 1983.  Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934.  Plaintiff must present factual allegations sufficient to state a plausible claim for relief.  Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The mere possibility of misconduct falls short of meeting this plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

**B.**   **SUMMARY OF PLAINTIFF'S ALLEGATIONS**

Plaintiff alleges that he was transferred to McFarland Community Correctional Facility ("MCCF") on September 16, 2011.  Soon after, he told staff that he was Muslim and was a participant in the Religious Diet Program known as "Halal Meat Alternative."  Plaintiff indicated that he needed a transfer to an institution that could accommodate him, but he was told MCCF accommodates Muslims.

On September 27, 2011, Plaintiff put in a request to Counselor Castaneda.  He also had verbal communications with Defendant D. Meyer, Assistant Warden.  Defendant Meyer said he would research it, but instead stalled for months.

Plaintiff filed a 602 on April 9, 2012.  He did not receive a response and filed at the second level on June 7, 2012.  Plaintiff did not receive a response and filed at the third level on July 26, 2012.  The appeal was rejected for not getting responses at the lower levels.

Plaintiff alleges that Defendant Aguilar, Food Manager, failed to order meat classified as Halal, stating on numerous occasions that it was not in the budget.  Plaintiff alleges that her actions imposed a burden on the practice of his religion and violated California Code of Regulations, title 15, section 3054.3(a), the Department of Operations Manual ("DOM") and the Religious Land Use and Institutionalized Persons Act ("RLUIPA").

Plaintiff alleges that Defendant Meyer denied him the opportunity to purchase Halal meat through special purchase, though he permitted a Jewish inmate to purchase kosher foods though special purchase twice.  Plaintiff contends that Defendant Meyer intentionally discriminated against him because he is Muslim, in violation of the First Amendment, Fourteenth Amendment and RLUIPA.

Plaintiff further alleges that Defendant Pressley, Assistant Warden, denied him a religious diet, stating that it was not within the budget to provide a Halal diet.  He also said that CDCR did not indicate that the money for feeding inmates was also meant to include "Muslim

inmates needing a Halal diet." FAC 4. Plaintiff contends that his actions burdened the practice of his religion, in violation of the First Amendment, Fourteenth Amendment and RLUIPA.

Plaintiff alleges that Defendant Wilson, Warden, also denied him a religious diet. He contends that she has been aware of the situation since she has been in a position of authority. Plaintiff contends that Defendant Wilson has burdened the practice of his religion, in violation of the First Amendment, Fourteenth Amendment and RLUIPA.

Finally, Plaintiff alleges that Defendant Marshall, Counselor, denied Plaintiff a transfer to another prison where his diet needs could be accommodated. Although Defendant Meyer told Muslims that if they continued to complain about Halal meals, they would be transferred later, Defendant Marshall told Plaintiff that because MCCF was not an "institution," they were not obligated to provide Halal meals to Muslims. Plaintiff contends that the denial of religious meals and the failure to transfer him violates the First Amendment, Fourteenth Amendment and RLUIPA.

Plaintiff also alleges that these denials constitute cruel and unusual punishment.

C.   **ANALYSIS**

1.   Eighth Amendment

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing Farmer v. Brennan, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994) and Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392 (1981)) (quotation marks omitted). While conditions of confinement may be, and often are, restrictive and harsh, they must not involve the wanton and unnecessary infliction of pain. Morgan, 465 F.3d at 1045 (citing Rhodes, 452 U.S. at 347) (quotation marks omitted). Thus, conditions which are devoid of legitimate penological purpose or contrary to evolving standards of decency that mark the progress of a maturing society violate the Eighth

4

Amendment.  Morgan, 465 F.3d at 1045 (quotation marks and citations omitted); Hope v. Pelzer, 536 U.S. 730, 737, 122 S.Ct. 2508 (2002); Rhodes, 452 U.S. at 346.

Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety, Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted), but not every injury that a prisoner sustains while in prison represents a constitutional violation, Morgan, 465 F.3d at 1045 (quotation marks omitted).  To maintain an Eighth Amendment claim, a prisoner must show that prison officials were deliberately indifferent to a substantial risk of harm to his health or safety.  E.g., Farmer, 511 U.S. at 847; Thomas v. Ponder, 611 F.3d 1144, 1150-51 (9th Cir. 2010); Foster v. Runnels, 554 F.3d 807, 812-14 (9th Cir. 2009); Morgan, 465 F.3d at 1045; Johnson, 217 F.3d at 731; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

Here, Plaintiff believes that Defendants' denial of a Halal diet constitutes cruel and unusual punishment.  He is incorrect.  While Plaintiff believes that the denial impacts the practice of his religion, it does not rise to the level of an Eighth Amendment claim.  In other words, Defendants were not deliberately indifferent to a substantial risk of harm to Plaintiff's health or safety.

Plaintiff therefore fails to state a claim under the Eighth Amendment and this deficiency cannot be cured by amendment.

2.    Title 15 and the DOM

Plaintiff seeks to impose liability against Defendant Aguilar based on a violation of the Title 15 prison regulations and the DOM.  The existence of Title 15 regulations and DOM provisions governing the conduct of prison officials does not necessarily entitle an inmate to sue civilly for any violations.  The Court has found no authority to support a finding of an implied private right of action under Title 15 and the DOM, and Plaintiff has provided none.  There are several district court decisions holding that there is no such right.  E.g., Vasquez v. Tate, 2012

WL 6738167, at *9 (E.D.Cal. Dec.28, 2012); <u>Davis v. Powell</u>, 901 F.Supp.2d 1196, ——, 2012 WL 4754688, at *9 (S.D.Cal. Oct.4, 2012).

Accordingly, even if Plaintiff could show a violation of prison regulations and the DOM, he has no right to state a claim for such violation.  <u>See</u> <u>Chappell v. Perrez</u>, 2011 WL 2296816, *2 (E.D.Cal. June 8, 2011); <u>Lamon v. Cate</u>, 2011 WL 773046, *9 (E.D.Cal. February 28, 2011).

Since no such private right exists, leave to amend this claim would be futile and will be denied.

       3.    <u>First Amendment</u>

The First Amendment guarantees the right to the free exercise of religion.  <u>Cruz v. Beto</u>, 405 U.S. 319, 323 (1972).  "The free exercise right, however, is necessarily limited by the fact of incarceration, and may be curtailed in order to achieve legitimate correctional goals or to maintain prison security."  <u>O'Lone v. Shabazz</u>, 482 U.S. 342, 348 (1987); <u>Turner v. Safley</u>, 482 U.S. 78 (1987).  In order to establish a free exercise violation, a prisoner must show a defendant burdened the practice of his religion without any justification reasonably related to legitimate penological interests.  <u>See</u> <u>Shakur v. Schriro</u>, 514 F.3d 878, 883–84 (9th Cir. 2008).  A prisoner's right to the practice of his religion includes "the right to be provided with food sufficient to sustain them in good health that satisfies the dietary laws of their religion."  <u>McElyea v. Babbitt</u>, 833 F.2d 196, 198 (9th Cir.1987).

Here, Plaintiff alleges that the practice of his religion has been burdened by various acts of the Defendants.[1]  He contends that Defendant Meyer denied him the opportunity to purchase Halal meat through special purchase, and that Defendants Pressley and Wilson denied him a religious diet.  At this stage of the proceedings, Plaintiff has corrected the deficiencies and states a First Amendment claim against Defendants Meyer, Pressley and Wilson.[2]

---

[1]  Plaintiff does not allege a First Amendment claim against Defendant Aguilar.
[2]  Plaintiff will be instructed on service by separate order.

Plaintiff further alleges that Defendant Marshall denied him a transfer to accommodate his diet needs, and told Plaintiff that because MCFF was not an "institution," it was not required to provide Muslims with Halal diets.  While Plaintiff's claim regarding the transfer does not state a claim because there is no constitutional right to a transfer, Meachum v. Fano, 427 U.S. 215, 224-25 (1976), his contention that Defendant Marshall denied him a Halal diet does state a claim.

4.     RLUIPA

RLUIPA prohibits prison officials from substantially burdening a prisoner's "'religious exercise unless the burden furthers a compelling governmental interest and does so by the least restrictive means.'"  Alvarez v. Hill, 518 F.3d 1152, 1156 (9th Cir. 2009) (quoting Warsoldier v. Woodford, 418 F.3d 989, 997-98 (9th Cir. 2005)).

Plaintiff states a claim under RLUIPA against Defendant Meyer, Pressley, Wilson and Marshall.  He also states a claim against Defendant Aguilar based on her failure to order Halal meat for Plaintiff.

5.     Fourteenth Amendment

"The Equal Protection Clause . . . is essentially a direction that all persons similarly situated should be treated alike."  City of Cleburne v. Cleburne Living Ctr., Inc., 473 U.S. 432, 439 (1985) (citing Plyler v. Doe, 457 U.S. 202, 216 (1982)).  A prisoner is entitled "to 'a reasonable opportunity of pursuing his faith comparable to the opportunity afforded fellow prisoners who adhere to conventional religious precepts.'"  Shakur v. Schriro, 514 F.3d 878, 891 (9th Cir. 2008) (quoting Cruz v. Beto, 405 U.S. 319, 321-22 (1972) (per curiam)).  To state a claim, a plaintiff must allege facts sufficient to support the claim that prison officials intentionally discriminated against him on the basis of his religion by failing to provide him a reasonable opportunity to pursue his faith compared to other similarly situated religious groups.

<u>Cruz</u>, 405 U.S. at 321-22; <u>Shakur</u>, 514 F.3d at 891; <u>Serrano v. Francis</u>, 345 F.3d 1071, 1082 (9th Cir. 2003); <u>Lee v. City of Los Angeles</u>, 250 F.3d 668, 686 (9th Cir. 2001).

Here, Plaintiff alleges that Defendant Meyer discriminated against him because he allowed a Jewish inmate to purchase Halal meat, but did not allow Plaintiff to do so.  He contends that Defendant Meyer discriminated against him because of his Muslim faith.  Plaintiff has corrected the deficiencies against Defendant Meyer and states a Fourteenth Amendment claim against him.

Plaintiff also alleges a Fourteenth Amendment discrimination claim against Defendants Pressley, Wilson and Marshall based on their denial of a religious diet.  Plaintiff contends that Defendant Pressley told him that the money set aside to feed inmates does not contemplate offering Muslims a Halal diet.  Similarly, Plaintiff alleges that Defendant Marshall told him that MCCF does not have to provide Halal diets to Muslims.  Viewed liberally, Plaintiff states a Fourteenth Amendment claim against Defendants Pressley and Marshall.

As to Defendant Wilson, however, Plaintiff does not allege that the denial was based, in any way, on his Muslim faith.  Plaintiff was given the required standard for a Fourteenth Amendment claim in the prior screening order, but has failed to correct the deficiency.  He therefore fails to state a claim against Defendant Wilson and should not be given leave to amend.

**D.     FINDINGS AND RECOMMENDATIONS**

Plaintiff's First Amended Complaint states the following cognizable claims: (1) violation of the First Amendment against Defendants Meyer, Pressley, Wilson and Marshall; (2) violation of RLUIPA against Defendants Aguilar, Meyer, Pressley, Wilson and Marshall; and (3) violation of the Fourteenth Amendment against Defendants Meyer, Pressley and Marshall.  Plaintiff's First Amended Complaint does not state any further claims upon which relief may be granted under section 1983.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within thirty

(30) days after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153, 1157 (9th Cir. 1991).

IT IS SO ORDERED.

  Dated:   **January 8, 2014**                        /s/ *Dennis L. Beck*
                                                    UNITED STATES MAGISTRATE JUDGE