1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MICHAEL CARMICHAEL, | ) | Case No.: 1:12cv01913 LJO DLB (PC) |
| | ) | |
| Plaintiff, | ) | ORDER REGARDING |
| v. | ) | PLAINTIFF'S DECLARATION |
| | ) | |
| W. WILSON, et al., | ) | (Document 32) |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

   Plaintiff Michael Carmichael ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeding on the following cognizable claims: (1) violation of the First Amendment against Defendants Meyer, Pressley, Wilson and Marshall; (2) violation of RLUIPA against Defendants Aguilar, Meyer, Pressley, Wilson and Marshall; and (3) violation of the Fourteenth Amendment against Defendants Meyer, Pressley and Marshall.

   The action is currently in discovery.

   On May 16, 2014, Plaintiff filed a declaration in which he sets forth what he believes to be two instances of retaliation- one involving the denial of Priority Legal User status and the other relating to

1

nutritionally deficient meals.  Plaintiff does not request relief, but rather asks the Court what motions should be filed to address the retaliation.

Generally, motions for injunctive relief can be used to request relief during the pendency of an action.  However, Plaintiff is informed that the Court's jurisdiction in granting injunctive relief is limited to the parties and claims involved in this action.  See e.g., Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 103-04, 118 S.Ct. 1003 (1998) ("[The] triad of injury in fact, causation, and redressability constitutes the core of Article III's case-or-controversy requirement, and the party invoking federal jurisdiction bears the burden of establishing its existence.") (citation omitted); American Civil Liberties Union of Nevada v. Masto, 670 F.3d 1046, 1061-62 (9th Cir. 2012) ("[F]ederal courts may adjudicate only actual, ongoing cases or controversies.") (citation and internal quotation marks omitted).

Plaintiff's complaint arises from alleged deprivations under the First Amendment and Fourteenth Amendment related to his ability to practice his religion.  The Defendants under the jurisdiction of this Court are Defendants Meyer, Pressley, Wilson, Marshall and Aguilar.

Therefore, Plaintiff should keep the limitations on injunctive relief in mind in deciding whether such a motion would be proper under the circumstances.  If the events for which he requires assistance are not related to those in this action, Plaintiff may file a separate action when appropriate.

IT IS SO ORDERED.

Dated:   **May 26, 2014**                              /s/ *Dennis L. Beck*
                                                              UNITED STATES MAGISTRATE JUDGE