**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| MICHAEL CARMICHAEL, | ) | Case No.: 1:12cv01913 LJO DLB (PC) |
| | ) | |
| Plaintiff, | ) | ORDER REGARDING PLAINTIFF'S |
| v. | ) | MOTION TO COMPEL |
| | ) | |
| W. WILSON, et al., | ) | (Document 38) |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

Plaintiff Michael Carmichael ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Pursuant to the March 25, 2014, Discovery and Scheduling Order, discovery closed on August 22, 2014. The dispositive motion deadline is October 21, 2014.

On July 25, 2014, Plaintiff filed a motion to compel responses to discovery served on all Defendants. Defendants opposed the motion on August 15, 2014. Plaintiff filed an untimely reply on September 5, 2014. The motion is therefore deemed submitted pursuant to Local Rule 230(l).

**DISCUSSION**

**A.      Legal Standard**

Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense, and for good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.  Fed.R.Civ.P. 26(b)(1).  Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.  Id.

Generally, if the responding party objects to a discovery request, the party moving to compel bears the burden of demonstrating why the objections are not justified.  E.g., Grabek v. Dickinson, 2012 WL 113799, at *1 (E.D. Cal. 2012).  This requires the moving party to inform the Court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious.  Id.

However, the Court is vested with broad discretion to manage discovery and notwithstanding these procedures, Plaintiff is entitled to leniency as a pro se litigant.  Therefore, to the extent possible, the Court endeavors to resolve his motion to compel on its merits.  Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir.2012); Surfvivor Media, Inc. v. Survivor Productions, 406 F.3d 625, 635 (9th Cir.2005); Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir.2002).

Courts in the Eastern District of California have required, "at a minimum, [that] the moving party plaintiff has the burden of informing the court (1) which discovery requests are the subject of his motion to compel, (2) which of the defendant's responses are disputed, (3) why he believes the defendant's responses are deficient, (4) why the defendant's objections are not justified, and (5) why the information he seeks through discovery is relevant to the prosecution of this action."  Walker v. Karelas, 2009 WL 3075575, at *1 (E.D. Cal. 2009).

**B.      Analysis**

Plaintiff's motion to compel identifies the discovery at issue, but fails to set forth the reasons why he believes the responses are inadequate.  Defendants pointed out this deficiency in their

2

opposition, but Plaintiff's reply does not address the issue.   Nonetheless, in an effort to reach the merits of the dispute as much as possible, the Court provides the following analysis.

       1.    *Defendants Wilson, Pressley, Meyer and Aguilar*

           Interrogatories 5, 6 and 14, Set One[1]

Interrogatory Number 5 requests "any and all steps" taken by Defendants to accommodate Plaintiff's request for a Halal diet.  Defendants responded by stating the actions taken by each Defendant: Defendant Wilson spoke to Plaintiff about his request and accommodated Plaintiff's request; Defendant Meyer contacted regional staff for guidance, as well as CDCR, and then accommodated Plaintiff's request; Defendant Pressley informed Plaintiff that MCCF did not currently offer a Halal diet and referred his request to the appropriate staff; and Defendant Aguilar accommodated Plaintiff's request.

Without input from Plaintiff as to why he believes this response is insufficient, it appears that Defendants have properly responded to the question.  After an objection to the term "steps" as vague and ambiguous, Defendants stated generally how each was involved in Plaintiff's request.  Moreover, as Defendants point out, that Plaintiff may disagree with the response is not grounds for compelling a further response.  At this point, the Court will not require a supplemental response.

Interrogatory Number 6 requests "any and all vendors" Defendants have communicated with in reference to the Halal diet.  After boilerplate objections, Defendants responded, "None."  Defendants have therefore responded to the request and the Court will not require supplemental responses.[2]

Interrogatory Number 14 asks what the Institution does with funding that is not used to feed the inmate population.  Defendants objected to this interrogatory as assuming facts not in evidence, calling for speculation, overbroad as to time and scope, and vague and ambiguous as to the meaning of "not used."  Defendants therefore stated that they could not respond to the interrogatory, as phrased.

---

[1]  Defendants identify Interrogatories *4*, 5 and 14 as those at issue, though according to Plaintiff's motion, Interrogatories 5, *6* and 14 are at issue.  ECF No. 38, at 5.

[2]  The Court notes that in Defendant Aguilar's response to Number 6, the word "None" appears to be missing.  From Defendants' arguments, however, it appears that this is an inadvertent oversight.  ECF No. 40-2, at 20-21.

The Court agrees that this interrogatory is not specific enough to require a response, and the Court will not order a supplemental response.

Interrogatories, Set Two

Plaintiff moves to compel further responses to Interrogatory Numbers 1-5 and 7-15, of Set Two. Plaintiff states that these interrogatories are follow-ups to Set One, and were also meant to replace Numbers 4, 7-11 and 15-19, of Set One. Defendants objected to these requests in Set One because they improperly requested documents.

In responding to Set Two, Defendants initially served Plaintiff with objections only, based on their contention that Plaintiff had already served 21 interrogatories in Set One, and was therefore only entitled to responses to four interrogatories in Set Two. Defendants requested that Plaintiff identify which four interrogatories he wanted Defendants to respond to. Defendants told Plaintiff that if he did not respond, Defendants would respond to the first four interrogatories of Set Two. Plaintiff did not respond and Defendants therefore provided responses to the first four.

Insofar as Plaintiff intended many interrogatories in Set Two to "replace" those in Set One to which Defendants objected, the Court notes that even though Defendants objected because the interrogatory requested a document, Defendants provided a response to many interrogatories nonetheless. The Court also notes that although Plaintiff states he intended many interrogatories in Set Two to be "replacements," the ones in Set Two do not appear related to any of the ones at issue in Set One. Finally, Plaintiff's requests for documents in his interrogatories are also made in his requests for production.

The Court is often lenient with the 25-interrogatory limit with a pro se plaintiff. However, without input from Plaintiff, the Court will not require Defendants to provide supplemental responses.

Requests For Production of Documents

Plaintiff requests supplemental responses for eleven Requests For Production of Documents. A review of the responses reveals that Defendants either provided documents, indicated that responsive documents do not exist, or objected to the request. Defendants also supplemented certain responses on August 12, 2014.

The eleven requests identified by Plaintiff appear to be either irrelevant or overbroad.  Without input from Plaintiff, the Court will not order supplemental responses.

2.    *Defendant Marshall*[3]

Interrogatories 2, 12, 13 and 14, Set One

Interrogatory Number 2 asks whether Defendant Marshall has ever been sued under section 1983.  Defendant Marshall objects to the question as irrelevant and overbroad.  The Court agrees, and without input from Plaintiff, will not require a supplemental response.

Interrogatories 12, 13 and 14 request information related to funding received by MCCF to feed the inmate population.  Defendant Marshall objects to the question as vague and ambiguous as to the term "funding" and irrelevant.  The Court agrees.  The claims against Defendant Marshall do not allege that he denied Plaintiff's Halal diet for budgetary reasons.

Interrogatories, Set Two

Plaintiff moves to compel responses to Interrogatories 1-15 of Set Two.  Plaintiff states that these interrogatories are follow-ups to Set One, and were also meant to replace Numbers 4, 8-11, and 15-19, of Set One.  Defendant Marshall objected to these interrogatories in Set One because they improperly requested documents.

Defendant Marshall provided responses to the first four interrogatories of Set Two and objected to the remaining 19 as exceeding the limit on interrogatories.

Again, insofar as Plaintiff intended many interrogatories in Set Two to "replace" those in Set One to which Defendant objected, the interrogatories in in Set Two do not appear related to any of the ones at issue in Set One.  Additionally, Plaintiff's requests for documents in his interrogatories are also made in his requests for production.

---

[3] Defendant Marshall's contention that Plaintiff was *required* to meet and confer pursuant to Local Rule 251(b) is incorrect.  The March 25, 2014, Discovery and Scheduling Order specifically states, "The meet and confer requirement set forth in Federal Rule of Civil Procedure 37(a)(1) and Local Rule 251(b) is waived.  Voluntary compliance is encouraged, however."  ECF No. 24, at 4.

The Court is often lenient with the 25-interrogatory limit with a pro se plaintiff.  However, without input from Plaintiff, the Court will not require Defendant Marshall to provide supplemental responses

<u>Requests for Production of Documents</u>

Plaintiff requests supplemental responses for all eleven Requests for Production of Documents served on Defendant Marshall.  A review of the responses reveals that Defendant Marshall provided documents for three requests, indicated that responsive documents do not exist for three requests, and objected to five requests.

The Court has reviewed the five requests to which Defendant Marshall objected, and as with the requests to the other Defendants, they appear to be either irrelevant or overbroad.  Without input from Plaintiff, the Court will not order supplemental responses.

IT IS SO ORDERED.

Dated:   **September 10, 2014**                  /s/ *Dennis L. Beck*
                                                 UNITED STATES MAGISTRATE JUDGE

6