# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL CARMICHAEL, | ) 1:12cv01913 LJO DLB PC |
| | ) |
| Plaintiff, | ) |
| | ) FINDINGS AND RECOMMENDATIONS |
| vs. | ) REGARDING DEFENDANT MARSHALL'S |
| | ) MOTION FOR SUMMARY JUDGMENT |
| | ) (Document 44) |
| M. AGUILAR, et al., | ) |
| | ) THIRTY-DAY DEADLINE |
| Defendants. | ) |

Plaintiff Michael Carmichael ("Plaintiff") is a prisoner proceeding pro se and in forma pauperis in this civil rights action.  Plaintiff filed his complaint on November 26, 2012.  Pursuant to Court order, he filed a First Amended Complaint on June 10, 2013.  This action is proceeding on the following claims: (1) violation of the First Amendment against Defendants Meyer, Pressley, Wilson and Marshall; (2) violation of RLUIPA against Defendants Aguilar, Meyer, Pressley, Wilson and Marshall; and (3) violation of the Fourteenth Amendment against Defendants Meyer, Pressley and Marshall.

Defendant Marshall filed a motion for summary judgment[1] on October 21, 2014.[2] Plaintiff opposed the motion on November 4, 2014.[3]  Defendant filed his reply on November 14, 2014.  The motion is submitted upon the record without oral argument.  Local Rule 230(l).

## I.   **LEGAL STANDARD**

Any party may move for summary judgment, and the Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a) (quotation marks omitted); Washington Mutual Inc. v. U.S., 636 F.3d 1207, 1216 (9th Cir. 2011).  Each party's position, whether it be that a fact is disputed or undisputed, must be supported by (1) citing to particular parts of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute or that the opposing party cannot produce admissible evidence to support the fact.  Fed. R. Civ. P. 56(c)(1) (quotation marks omitted).  The Court may consider other materials in the record not cited to by the parties, but it is not required to do so.  Fed. R. Civ. P. 56(c)(3); Carmen v. San Francisco Unified School Dist., 237 F.3d 1026, 1031 (9th Cir. 2001); accord Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1017 (9th Cir. 2010).

Defendant does not bear the burden of proof at trial and in moving for summary judgment, he need only prove an absence of evidence to support Plaintiff's case.  In re Oracle Corp. Securities Litigation, 627 F.3d 376, 387 (9th Cir. 2010) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548 (1986)).  If Defendant meets his initial burden, the burden then shifts to Plaintiff "to designate specific facts demonstrating the existence of genuine issues

---

[1]  Concurrently with his motion for summary judgment, Defendant served Plaintiff with the requisite notice of the requirements for opposing the motion.  Woods v. Carey, 684 F.3d 934, 939-41 (9th Cir. 2012); Rand v. Rowland, 154 F.3d 952, 960-61 (9th Cir. 1998).

[2]  The remaining Defendants are represented by separate counsel, and filed a separate motion for summary judgment on October 21, 2014.

[3]  Plaintiff also purports to move for summary judgment in his favor.  The Court will address this in ruling on the remaining Defendants' motion for summary judgment.

for trial." In re Oracle Corp., 627 F.3d at 387 (citing Celotex Corp., 477 U.S. at 323). This requires Plaintiff to "show more than the mere existence of a scintilla of evidence." Id. (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252, 106 S.Ct. 2505 (1986)).

In judging the evidence at the summary judgment stage, the Court may not make credibility determinations or weigh conflicting evidence, Soremekun v. Thrifty Payless, Inc., 509 F.3d 978, 984 (9th Cir. 2007) (quotation marks and citation omitted), and it must draw all inferences in the light most favorable to the nonmoving party and determine whether a genuine issue of material fact precludes entry of judgment, Comite de Jornaleros de Redondo Beach v. City of Redondo Beach, 657 F.3d 936, 942 (9th Cir. 2011) (quotation marks and citation omitted), cert. denied, 132 S.Ct. 1566 (2012). The Court determines only whether there is a genuine issue for trial, and Plaintiff's filings must be liberally construed because he is a pro se prisoner. Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010) (quotation marks and citations omitted).

## II.   SUMMARY OF PLAINTIFF'S ALLEGATIONS

Plaintiff alleges that he was transferred to McFarland Community Correctional Facility ("MCCF") on September 16, 2011. Soon after, he told staff that he was Muslim and was a participant in the Religious Diet Program known as "Halal Meat Alternative." Plaintiff indicated that he needed a transfer to an institution that could accommodate him, but he was told MCCF accommodates Muslims.

On September 27, 2011, Plaintiff put in a request to Counselor Castaneda. He also had verbal communications with Defendant D. Meyer, Assistant Warden. Defendant Meyer said he would research it, but instead stalled for months.

Plaintiff filed a 602 on April 9, 2012. He did not receive a response and filed at the second level on June 7, 2012. Plaintiff did not receive a response and filed at the third level on July 26, 2012. The appeal was rejected for not getting responses at the lower levels.

Plaintiff alleges that Defendant Aguilar, Food Manager, failed to order meat classified as Halal, stating on numerous occasions that it was not in the budget.

Plaintiff further alleges that Defendant Meyer denied him the opportunity to purchase Halal meat through special purchase, though he permitted a Jewish inmate to purchase kosher foods though special purchase twice.

Plaintiff also contends that Defendant Pressley, Assistant Warden, denied him a religious diet, stating that it was not within the budget to provide a Halal diet.  He also said that CDCR did not indicate that the money for feeding inmates was also meant to include "Muslim inmates needing a Halal diet."

Plaintiff alleges that Defendant Wilson, Warden, also denied him a religious diet.  He contends that she has been aware of the situation since she has been in a position of authority. Plaintiff contends that Defendant Wilson has burdened the practice of his religion.

Finally, Plaintiff alleges that Defendant Marshall, Counselor, denied Plaintiff a transfer to another prison where his diet needs could be accommodated.  Although Defendant Meyer told Muslims that if they continued to complain about Halal meals, they would be transferred later, Defendant Marshall told Plaintiff that because MCCF was not an "institution," they were not obligated to provide Halal meals to Muslims.

## III.     UNDISPUTED MATERIAL FACTS[4]

Plaintiff is a California state prisoner housed at Golden State Modified Community Correctional Facility ("MCCF") in McFarland, California.  ECF No. 12.  MCCF is a medium-security prison run by the GEO Group.  Marshall Decl. ¶ 2.  The GEO Group has a contract with the State of California to house some state prisoners at MCCF.  Marshall Decl. ¶ 2.  As part of

---

[4]  Plaintiff neither filed his own separate statement of disputed facts nor admitted or denied the facts set forth by Defendant as undisputed.  Local Rule 260(b).  Therefore, Defendant's statement of undisputed facts is accepted except where brought into dispute by Plaintiff's verified complaint or opposition.  Jones v. Blanas, 393 F.3d 918, 923 (9th Cir. 2004); Johnson v. Meltzer, 134 F.3d 1393, 1399-1400 (9th Cir. 1998).

this contract, some of the staff at MCCF are employees of the California Department of Corrections and Rehabilitation ("CDCR").  Marshall Decl. ¶ 2.

Defendant Marshall is employed by CDCR and has worked at MCCF since September 2002.  Marshall Decl. ¶ 2.  He has been a Correctional Counselor II during all relevant times.  As a Correctional Counselor II, his duties include participating in classification committee hearings, screening inmate appeals and discussing potential prison policy changes with the Warden and Associate Wardens.  Marshall Decl. ¶ 1.  Although Defendant sometimes participates in discussions regarding possible changes to MCCF policy, he does not have authority to change any policies at MCCF relevant to this lawsuit, and he does not make the final decision on any MCCF policy changes.  Marshall Decl. ¶ 1.

The Food Services department at MCCF is responsible for providing inmates with breakfast, lunch and dinner.  Marshall Decl. ¶ 3.  Defendant is not responsible for creating, implementing, or overseeing any policies relating to food or food services provided to MCCF inmates.  Marshall Decl. ¶ 3.

Before September 20, 2013, MCCF Food Services did not provide a Halal diet option for inmates.  Marshall Decl. ¶ 4.  On September 20, 2013, MCCF began providing a Halal diet option for Muslim inmates.  Marshall Decl. ¶ 4.

Plaintiff arrived at MCCF on September 16, 2011.  ECF No. 12, at 3.  Sometime in September 2011, Defendant became aware that Muslim inmates at MCCF were complaining about the availability of a Halal diet.  Marshall Decl. ¶ 7.  He then discussed the issue with other staff at MCCF and recommended that inmates with religious dietary needs be provided with a vegetarian diet until a more permanent solution could be reached.  Marshall Decl. ¶ 7.

On July 26, 2012, Defendant chaired a Unit Classification Committee ("UCC") hearing attended by Plaintiff.  Marshall Decl. ¶ 8.  At this hearing, Plaintiff requested that he be transferred to another institution because of a rules-violation report he received, and because he

was not receiving a Halal diet.  Marshall Decl. ¶ 8, Ex. B.  For an inmate to be transferred, he must be recommended by a classification committee and then endorsed by a Classification Staff Representative.  Marshall Decl. ¶ 9.

On October 18, 2012, Defendant chaired another UCC hearing attended by Plaintiff. Marshall Decl. ¶ 9.  After the hearing, the Committee recommended that Plaintiff be transferred to an institution that could provide him with a Halal diet.  Marshall Decl. ¶ 9, Ex. C.

Plaintiff's transfer was endorsed by a Classification Staff Representative on December 4, 2012.  Marshall Decl. ¶ 9, Ex. C.  However, Plaintiff was not transferred because the endorsement expired before any vacancies at an endorsed transfer facility became available. Marshall Decl. ¶ 9.

On July 25, 2013, Defendant chaired another UCC hearing attended by Plaintiff.  The Committee again recommended that Plaintiff be transferred to another prison due to the lack of a religious meat alternative program at MCCF.  Marshall Decl. ¶ 10, Ex. D.

C.     **ANALYSIS**

1.     Personal Participation

Under section 1983, Plaintiff must link the named defendants to the participation in the violation at issue.  Ashcroft v. Iqbal, 556 U.S. 662, 676-77 (2009); Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  Liability may not be imposed under a theory of *respondeat superior*, and some causal connection between the conduct of each named defendant and the violation at issue must exist.  Iqbal, 556 U.S. at 676-77; Lemire v. California Dep't of Corr. and Rehab., 726 F.3d 1062, 1074-75 (9th Cir. 2013); Lacey v. Maricopa County, 693 F.3d 896, 915-16 (9th Cir. 2012) (en banc); Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011), cert. denied, 132 S.Ct. 2101 (2012).

To hold a defendant liable for damages, the wrongdoer must personally cause the violation.  Leer v. Murphy, 844 F.2d 628, 633 (9th Cir.1988).  The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation.  Id.  Sweeping conclusory allegations against an official are insufficient to state a claim for relief.  Id. at 634 (citation omitted).

The undisputed evidence shows that MCCF did not provide a Halal diet until September 2013, almost one year after Plaintiff filed this action.  It is also undisputed Defendant Marshall did not have any control over Food Services or the diets provided to inmates.  Based on these undisputed facts, Defendant has carried his initial burden of showing the absence of evidence to support Plaintiff's claims.

In his First Amended Complaint, Plaintiff alleges that Defendant Marshall denied him a transfer to an institution that would accommodate his religious dietary needs.  Similarly, in his opposition, he states that "Defendants" refused to transfer him.  ECF No. 45, at 11.  While Defendant Marshall denies this, the issue is not relevant because there is no constitutional right to a transfer, Meachum v. Fano, 427 U.S. 215, 224-25 (1976), as the Court explained in the screening order.

Insofar as Plaintiff alleges that Defendant Marshall denied him a Halal diet, his bare assertion is not sufficient to create a dispute of fact.  As stated above, in attempting to establish the existence of a factual dispute, Plaintiff may not rely upon the mere allegations or denials of his pleading; he is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists.  Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 586 n.11.

Plaintiff also alleges that Defendant Marshall told him that because MCCF was not an "institution," they were not obligated to provide Halal meals to Muslims.  However, even if

Defendant Marshall said this, there is no dispute that he did not have any control over Food Services, food policies, or food options provided to inmates.  There is also no dispute that MCCF did not offer a Halal diet until 2013.  Plaintiff has not offered evidence to demonstrate Defendant Marshall's participation in the alleged denial.  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir.1978)  (A person deprives another "of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains].").

Accordingly, the Court finds that Defendant Marshall is entitled to summary judgment on the claims brought under section 1983.

2.     RLUIPA

A RLUIPA claim for may proceed only for injunctive relief against defendants acting within their official capacities.  See Wood v. Yordy, 753 F.3d 899, 904 (9th Cir.2014) (RLUIPA does not contemplate liability of government employees in individual capacity); see also Holley v. Cal. Dep't of Corr., 599 F.3d 1108, 1114 (9th Cir. 2010) ("The Eleventh Amendment bars [the plaintiff's] suit for official-capacity damages under RLUIPA.").

Therefore, Plaintiff is only entitled to injunctive relief under RLUIPA.  This limitation to injunctive relief leads to two issues.  First, the causal connection required where a party seeks injunctive or declaratory relief is slightly less stringent, though it still "focuses on the duties and responsibilities of each of the individual defendants whose acts or omissions are alleged to have caused the constitutional violation."  Leer v. Murphy, 844 F.2d 628, 632-633 (9th Cir. 1988).

Again, even under this broader causation standard, it is undisputed that MCCF did not offer a Halal diet until September 2013, and that Defendant's duties and responsibilities had nothing to do with food policies or available diets.

Second, because injunctive relief is the sole form of relief available under RLUIPA, Plaintiff's subsequent receipt of a Halal diet in September 2013 moots his request for injunctive relief.  Injunctive relief becomes moot when a party receives the requested relief after filing an action.  See Johnson v. Moore, 948 F.2d 517, 519 (9th Cir.1991) (per curiam).

The Court therefore recommends that summary judgment be granted on the RLUIPA against Defendant Marshall.

　　　3.　　Qualified Immunity

Qualified immunity shields government officials from civil damages unless their conduct violates "clearly established statutory or constitutional rights of which a reasonable person would have known."  Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).  "Qualified immunity balances two important interests - the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably," Pearson v. Callahan, 555 U.S. 223, 231 (2009), and it protects "all but the plainly incompetent or those who knowingly violate the law," Malley v. Briggs, 475 U.S. 335, 341 (1986).  "[T]he qualified immunity inquiry is separate from the constitutional inquiry" and "has a further dimension."  Estate of Ford v. Ramirez-Palmer, 301 F.3d 1043, 1049-50 (9th Cir. 2002) (citing Saucier v. Katz, 533 U.S. 194, 205 (2001)) (internal quotation marks omitted).  "The concern of the immunity inquiry is to acknowledge that reasonable mistakes can be made. . . ."  Estate of Ford, 301 F.3d at 1049 (citing Saucier, at 205) (internal quotation marks omitted).

In resolving a claim of qualified immunity, courts must determine whether, taken in the light most favorable to the plaintiff, the defendant's conduct violated a constitutional right, and if so, whether the right was clearly established.  Saucier, 533 U.S. at 201; Mueller v. Auker, 576 F.3d 979, 993 (9th Cir. 2009).  While often beneficial to address in that order, courts have discretion to address the two-step inquiry in the order they deem most suitable under the circumstances.  Pearson, 555 U.S. at 236 (overruling holding in Saucier that the two-step inquiry

must be conducted in that order, and the second step is reached only if the court first finds a constitutional violation); Mueller, 576 F.3d at 993-94.

The Court has determined that Defendant Marshall did not violate any of Plaintiff's constitutional rights.  Nonetheless, even if the Court denied summary judgment on the merits of Plaintiff's claims, a reasonable official would have believed it was lawful to deny a Halal diet where one wasn't provided by the institution.  Pearson, 555 U.S. at 236.  Therefore, Defendant would be entitled to qualified immunity.

**D.    FINDINGS AND RECOMMENDATIONS**

The Court finds that Defendant Marshall's motion for summary judgment should be GRANTED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty (30) days after being served with these Findings and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, __ F.3d __, __, No. 11-17911, 2014 WL 6435497, at *3 (9th Cir. Nov. 18, 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).


IT IS SO ORDERED.

Dated:   **March 3, 2015**                    /s/ *Dennis L. Beck*
                                        UNITED STATES MAGISTRATE JUDGE