# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL CARMICHAEL,<br><br>      Plaintiff,<br><br>   vs.<br><br>M. AGUILAR, et al.,<br><br>      Defendants. | 1:12cv01913 LJO DLB PC<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND GRANTING DEFENDANT MARSHALL'S MOTION FOR SUMMARY JUDGMENT<br><br>(Document 50) |

Plaintiff Michael Carmichael ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action on November 26, 2012. Pursuant to Court order, he filed a First Amended Complaint on June 10, 2013. This action is proceeding on the following claims: (1) violation of the First Amendment against Defendants Meyer, Pressley, Wilson and Marshall; (2) violation of the Religious Land Use and Institutionalized Persons Act ("RLUIPA?") against Defendants Aguilar, Meyer, Pressley, Wilson and Marshall; and (3) violation of the Fourteenth Amendment against Defendants Meyer, Pressley and Marshall.

On October 21, 2014, Defendant Marshall filed a motion for summary judgment. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On March 4, 2015, the Magistrate Judge issued Findings and Recommendations that Defendant Marshall's motion be granted. The Findings and Recommendations were served on Plaintiff and contained notice that any objections must be filed within thirty days.

Plaintiff filed objections on April 1, 2015. Defendant Marshall did not file a reply.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a de novo review of this case. Having carefully reviewed the entire file, including Plaintiff's objections, the Court finds the Findings and Recommendations to be supported by the record and by proper analysis.

The Magistrate Judge determined that Plaintiff's claims under section 1983 failed because the undisputed evidence demonstrated that Defendant Marshall did not have any control over Food Services or food policies. Therefore, while a Halal diet was ultimately implemented in September 2013, Plaintiff could not demonstrate that Defendant Marshall had the ability to change the food options provided by McFarland Community Correctional Facility ("MCCF") in the interim.

In his objections, Plaintiff suggests that Defendant Marshall has such authority because he recommended that Plaintiff receive a vegetarian diet until a more permanent solution could be reached. His ability to determine which diet an inmate should receive from the available options does not mean that he has the ability to *create* a new option, as Plaintiff suggests he should have done.

Turning to Plaintiff's claim under RLUIPA, the Magistrate Judge again found that Plaintiff could not adequately link Defendant Marshall to his claim. The Magistrate Judge also determined that the only relief available under RLUIPA, injunctive relief, was moot because Plaintiff began receiving a Halal diet in September 2013. In his objections, Plaintiff now suggests that there is no Halal diet at MCCF. His argument, however, is related to the quality of

the diet, rather than the existence of a Halal diet option.  Plaintiff's action does not involve the quality of the Halal diet, and he cannot expand his claims in opposing summary judgment.

Finally, Plaintiff objects to the Magistrate Judge's finding that Defendant Marshall was entitled to qualified immunity.  The finding was based on the conclusion that a reasonable official would not have believed it was unlawful to deny a Halal diet where such a diet was not provided by the institution.  Plaintiff now argues that Defendant Marshall knew that Plaintiff had a legal right to a Halal diet and that he chose not to accommodate it.  His argument does not change the fact, though, that there was no such diet to offer at the time Plaintiff arrived at MCCF.  Defendant Marshall offered Plaintiff what he believed to be a reasonable alternative until a more permanent solution could be determined.  Under these facts, Defendant Marshall is entitled to qualified immunity.

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations, filed March 4, 2015, are adopted in full;

2. Defendant Marshall's motion for summary judgment, filed on October 21, 2014 (Document 44) is GRANTED; and

3. Judgment is entered in favor of Defendant Marshall and he is terminated from this action.

IT IS SO ORDERED.

  Dated:   **April 22, 2015**              **/s/ Lawrence J. O'Neill**
                                           UNITED STATES DISTRICT JUDGE